IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CARMEN ESCARZAGA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. |
| | ) | |
| BOARD OF TRUSTEES OF COMMUNITY | ) | |
| COLLEGE DISTRICT #508, A/K/A and D/B/A, | ) | |
| CITY COLLEGES OF CHICAGO, and MICHAEL | ) | |
| ROBERTS, in his official and individual capacities, | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT AT LAW

NOW COMES, the Plaintiff, CARMEN ESCARZAGA, by and through her attorney, Anthony J. Peraica of Anthony J. Peraica & Associates, Ltd., complains against Defendants, BOARD OF TRUSTEES OF COMMUNITY COLLEGE DISTRICT #508 a/k/a and d/b/a CITY COLLEGES OF CHICAGO, and MICHAEL ROBERTS, states as follows:

NATURE OF THE CASE

1.  Carmen Escarzaga (hereinafter "Plaintiff" or "Escarzaga") brings this lawsuit against her former employer, Board of Trustees of Community College District #508 a/k/a and d/b/a City Colleges of Chicago, to seek redress for wrongful termination of her employment, lost wages and benefits, pain and suffering, humiliation, and for retaliatory actions taken by defendant.

2.  Defendant engaged in a systematic pattern of discrimination and retaliation against Escarzaga when City Colleges of Chicago allowed select employees to violate its rules, policies and procedures. Defendant's retaliation began with the defendant demoting the Plaintiff.

3.  Accordingly, this is 2 count complaint alleging violations of Title VII and the Illinois

1

Human Rights Act.

## JURISDICTION AND VENUE

4. Jurisdiction is based upon Title VII of the Civil Rights Act of 1964.

5. This court has jurisdiction over this matter pursuant to 28 U.S.C.S. §§ 1331 and 1343(4), and has supplemental jurisdiction pursuant to 28 U.S.C. §1367(a).

6. Venue in this matter is proper pursuant to 28 U.S.C.S. §1391(b) because all actions upon which this matter is based took place within the County of Cook, which is within the jurisdiction of the Northern District of Illinois, Eastern Division.

## PARTIES

7. Plaintiff Carmen Escarzaga is a Hispanic woman of Mexican ancestry, who resides in the City of Chicago, County of Cook, in the State of Illinois.

8. Defendant Board of Trustees of Community College District #508 a/k/a and d/b/a City Colleges of Chicago (hereinafter "City Colleges of Chicago") operates, manages and controls the City College of Chicago known as Harry S. Truman College (hereinafter "Truman College").

9. Defendant City Colleges of Chicago operates several public institutions, including Truman College, within the City of Chicago that are engaged in the business of higher education.

10. Upon information and belief, Defendant Michael Roberts (hereinafter "Roberts"), an African American male, is a resident of the City of Chicago, County of Cook, in the State of Illinois.

11. Defendant Michael Roberts, at all relevant times, was the Director of Human Resources and an agent and employee of the City Colleges of Chicago at Truman College.

12. Defendant City Colleges of Chicago is responsible for the acts and/or omissions of its agents and employees, including Defendant Michael Roberts, within their official capacities.

ADMINISTRATIVE PROCEEDINGS

13. The plaintiff filed a timely charge of employment discrimination based on ancestry, national origin and disability with the Illinois Department of Human Rights on August 27, 2013. Exhibit A.

14. Pursuant to an agreement between the Illinois Department of Human Rights and the U.S. Equal Employment Opportunity Commission, the EEOC had also received plaintiff's discrimination charges against the Defendants.

15. The United States Department of Justice issued a Notice of Right to Sue on January 7, 2015. Exhibit B.

16. The plaintiff is filing this original complaint within ninety (90) days of receipt of the Notice of Right to Sue.

FACTUAL BACKGROUND

17. On or about March 29, 1993, Plaintiff was hired by the Defendant City Colleges of Chicago as an adult educator in the Cosmetology department at Truman College.

18. Plaintiff has been a licensed cosmetologist since December 28, 1984 and a licensed cosmetologist teacher since December 9, 1989 in the State of Illinois.

19. At the time of Plaintiff's hire, the Cosmetology department had separate programs in English and in Spanish.

20. Plaintiff taught Cosmetology courses in Spanish from 1993 until the Spanish programs ended in 2006, from which time, the plaintiff taught Cosmetology courses in English.

21. Plaintiff's employment with the Defendant City Colleges of Chicago ended in May 2014.

22. Truman College's administration and faculty is comprised primarily of individuals of African American and Non-Hispanic descent.

23. Prior to April 2013, Plaintiff's title/position at Truman College was adult educator, but it was changed in April 2013 to part-time lecturer.

24. On or about April 15, 2013, Defendant Roberts requested that Plaintiff's position be reclassified and retroactive to April 8, 2013, without posting the change.

25. The reclassification of Plaintiff's position was approved by the Executive Director of Business & Operations (pending budget approval), Officer of the District Reagan Ramal, HR Administrator Michael Roberts, and the District Office of Finance.

26. On April 20, 2013, Plaintiff had a meeting with Defendant Roberts in which she was verbally informed that her title/position at Truman College would be changed but her rate of pay would remain the same.

27. Plaintiff was not provided with any written notice of the change in her position or what the rate of pay would be.

28. On April 23, 2013, Plaintiff was informed that she had been overpaid and that her rate of pay had been reduced.

29. On information and belief, in April 2013, Plaintiff's position was the only one at Truman College that was subject to a demotion and reduction in pay.

30. On or after April 23, 2013, plaintiff received letters regarding overpayment for the time frame of January 2013 to April 2013 stating that the amount must be repaid with interest.

31. From April to August 2013, plaintiff was subjected to harassment by Defendant Roberts and others, who would state that plaintiff does not understand English, that she incorrectly filled out the time sheets, and that she lacked the requisite education for the position she had, despite being certified.

32. Plaintiff has a strong accent but understands and speaks English.

4

33. Defendant Roberts would embarrass plaintiff and state that she does not understand English because of her accent.

34. Plaintiff was forced to confirm on numerous occasions that she understand what was discussed in English.

35. On or about April 29, 2013, plaintiff was forced to sign a repayment agreement with the Defendant City Colleges of Chicago or face discharge from her employment.

36. On and after April 2013, plaintiff's health problems with her diabetes, a disability, increased from the additional stress the Defendants placed on her.

## COUNT I: Violation of the IHRA
### Violation Based upon Ancestry/National Origin and Disability

37. Plaintiff re-alleges Paragraphs 1-36 as if fully set forth herein as paragraph 37 of this Complaint.

38. At all times throughout the course of employment, Plaintiff was qualified for her position and performed her job to the legitimate expectation of her employer and beyond.

39. Plaintiff is widely regarded by both her peers and supervisors as a skilled and hardworking employee.

40. Plaintiff has a protected right to equal treatment in the workplace.

41. Plaintiff is a Hispanic female, with Mexican ancestry.

42. At the time Plaintiff's employment with City Colleges of Chicago was terminated, Plaintiff was 63 years old.

43. Section 2-102 of the IHRA states as follows:

Civil Rights Violations – Employment. It is a civil rights violation for any employer to refuse to hire, to segregate, or to act with respect to recruitment, hiring, promotion, renewal of employment, selection for training or apprenticeship, *discharge*, discipline, tenure or terms, privileges or conditions of

employment on the basis of unlawful discrimination or citizenship status. (emphasis added) 775 ILCS 5/2-102 (A).

44.     Section 1-103(Q) of the Illinois Human Rights Act defines unlawful discrimination as follows:

> (Q) Unlawful Discrimination. "Unlawful Discrimination" means discrimination against a person because of his or her race, color, religion, national origin, ancestry, age, sex, marital status, order of protection status, disability, military status, sexual orientation, or unfavorable discharge from military service as those terms are defined in this section.

45.     Plaintiff was unlawfully discriminated against, in violation of the IHRA, when she was wrongfully disciplined for events not resulting from Plaintiff's conduct, demoted and forced to re-pay the difference in her wages.

46.     The facts stipulate that Plaintiff was not the party responsible for the mistakes.

47.     The party responsible for those mistakes was an individual in the HR department and/or finance department.

48.     Despite knowledge of this fact Defendants enforced disciplinary measures against Plaintiff substantially more severe than the party responsible.

49.     Said disciplinary measures were enforced solely because Plaintiff is a much older, Hispanic female of Mexican origin that does not fit the demographics of the staff at Truman College.

50.     Defendants' wrongful acts, individually and/or by and through their agents, were intentional, willful and wanton, and in total disregard and reckless indifference to Plaintiff's rights under the IHRA.

51.     Plaintiff has exhausted her administrative remedies, by filing an underlying Charge of Discrimination with the IDHR.

52.     As a direct and proximate result of the Defendants' actions in wrongfully disciplining Plaintiff, Plaintiff suffered financial damages for her demotion, reduction in wages, forced re-payment plan and termination, Plaintiff has also suffered a substantial loss of career opportunities, loss of future earnings and other incidentals and benefits of a clean record, damage to reputation, other compensatory damages, attorneys' fees, court costs, and other damages allowable under the IHRA.

53.     The City Colleges of Chicago and Defendant Roberts actions were willful, wanton, malicious and oppressive and justify the awarding of exemplary, liquidated and/or punitive damages.

WHEREFORE, Plaintiff asks that judgment be entered against Defendants as follows:

A.     Ordering Defendants to immediately expunge the disciplinary measures from the Plaintiff's employment record, reinstate the Plaintiff's employment, and treat Plaintiff's employment for all purposes as having been continuous as of the date of the alleged incident;

B.     Ordering Defendants to pay to Plaintiff damages for loss of wages, past and future, loss of benefits, past and future, loss of career opportunities, loss of future earnings and other incidentals and benefits of employment, damage to reputation, and other compensatory damages resulting from the discharge, along with interest;

C.     Ordering Defendants to pay to Plaintiff the compensatory damages incurred as a result of its acts of discrimination;

7

D.      Ordering Defendants to pay to Plaintiff the attorneys' fees, court costs, and disbursements which Plaintiff has incurred and will incur as a result of Defendants' willful conduct; and

E.      Awarding to Plaintiff such other relief as this Court deems proper.

## COUNT II: VIOLATION OF TITLE VII
### Violation Based upon Ancestry/National Origin, Age, and Disability

54.     Plaintiff re-alleges paragraphs 1-53 of the previous sections as if fully set forth herein as paragraph 54.

55.     Based on information and belief, Plaintiff was intimated and subjected to different terms and conditions of employment based upon Plaintiff's ancestry/national origin, age, and disability.

56.     Plaintiff has exhausted her administrative remedies, by filing a Charge of Discrimination which was forwarded to the EEOC.

57.     Defendants' wrongful actions caused Plaintiff to suffer a loss of wages, benefits and other compensation.

58.     The Defendants' wrongful actions caused Plaintiff physical injuries resulting from problems with her diabetes, great mental anguish, humiliation, anxiety, loss of sleep, and other emotional and psychological distress.

WHEREFORE, Plaintiff asks that judgment be entered against Defendants as follows:

A.      Ordering Defendants to immediately expunge the disciplinary measures from the Plaintiff's employment record, reinstate the Plaintiff's employment, and treat Plaintiff's employment for all purposes as having been continuous as of the date of the alleged incident;

B. Ordering Defendants to pay to Plaintiff damages for loss of wages, past and future, loss of benefits, past and future, loss of career opportunities, loss of future earnings and other incidentals and benefits of employment, damage to reputation, and other compensatory damages resulting from the discharge, along with interest;

C. Ordering Defendants to pay to Plaintiff the compensatory damages incurred as a result of its acts of discrimination;

D. Ordering Defendants to pay to Plaintiff the attorneys' fees, court costs, and disbursements which Plaintiff has incurred and will incur as a result of Defendants' willful conduct; and

E. Awarding to Plaintiff such other relief as this Court deems proper.


Respectfully submitted,

By:     s/ Anthony J. Peraica


Plaintiff demands a jury trial

ANTHONY J. PERAICA, ARDC NO.: 6186661
ANTHONY J. PERAICA & ASSOCIATES, LTD.
ATTORNEYS FOR PLAINTIFF
5130 SOUTH ARCHER AVENUE
CHICAGO, ILLINOIS  60632
773-735-1700